IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA BARKLEY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1498-M |
| | § | |
| LIFE INSURANCE COMPANY OF | § | |
| NORTH AMERICA | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Barbara Barkley has filed a motion to compel discovery in this civil action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. At issue is defendant's refusal to make Rule 26(a)(1) initial disclosures, to answer interrogatories, and to produce certain documents. After the motion was filed, the attorneys engaged in meaningful discussions and resolved the bulk of this discovery dispute. The only matter that remains unresolved is whether defendant should be required to answer the following contention interrogatories:

> Interrogatory No. 1:
> Please state the basis for each of the denials expressed in Defendant's Original Answer.
>
> Interrogatory No. 2:
> Please state the basis for each affirmative defense expressed in Defendant's Original Answer.

The parties have briefed their respective positions in a Joint Status Report filed on February 15, 2008, and the motion is ripe for determination.

It is widely accepted that "contention interrogatories," which ask a party to state the facts upon which it bases a claim or defense, are a permissible form of written discovery. Indeed, Rule 33(a)(2) of the Federal Rules of Civil Procedure explicitly provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). While the obligation to respond to such interrogatories may be postponed until near the end of the discovery period, *see id.*, that is not the basis upon which defendant objects. Nor does defendant argue that the contention interrogatories exceed the scope of discovery allowed in an ERISA action. Rather, defendant objects that the interrogatories: (1) require the marshaling of evidence, (2) are vague, ambiguous, and multifarious, and (3) lack specificity. (*See* Jt. Stat. Rep., Exh. A). These objections are overruled. Now that discovery is closed,[1] defendant should be able to *generally explain* the factual basis for each of the denials and affirmative defenses pled in its original answer. That is all the interrogatories require. Plaintiff is entitled to these interrogatory answers at this stage of the litigation, particularly in light of the March 7, 2008 deadline for filing dispositive motions. *Cf. Everett v. USAir Group, Inc.*, 165 F.R.D. 1, 3-4 (D.D.C. 1995) (requiring defendant to answer contention interrogatories in ERISA action, but postponing the obligation to respond until near the end of the discovery period).

For these reasons, plaintiff's motion to compel discovery [Doc. #11] is granted. Defendant shall answer Interrogatory Nos. 1 and 2 by generally explaining the factual basis for each of the denials and affirmative defenses pled in its original answer. Unless the parties otherwise agree, defendant shall answer the interrogatories by **March 4, 2008.**

---

[1] The deadline for completing fact and expert discovery expired on February 11, 2008. *See* Sch. Order, 1/8/08 at 3, ¶ 9.

SO ORDERED.

DATED: February 19, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE