IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARBARA BARKLEY, § § Plaintiff, § § v. § LIFE INSURANCE COMPANY OF NORTH § AMERICA, § § Defendant. § | | CIVIL ACTION NO. 3:07-CV-1498-M |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Barbara Barkley's ("Barkley") Motion for Summary Judgment and Motion to Strike Affidavit Testimony, and Defendant Life Insurance Company of North America's ("LINA") Motion for Summary Judgment, and Motion to Strike Plaintiff's Briefs.

Defendant's Motion to Strike Plaintiff's Briefs relies on Local Rule 7.2(c). The applicable Rule is Local Rule 56.5(b), which states that a principle brief for summary judgment should not exceed 50 pages, and a reply brief should not exceed 25 pages. L.R.56.5(b). Plaintiff's Brief is 33 pages long, and therefore in compliance with Rule 56.5(b). Plaintiff's Response to Defendant's Motion for Summary Judgment is 26 pages long, and therefore exceeds the page limit by one page. The Court nevertheless declines to strike Plaintiff's Response.

Plaintiff filed a Motion to Strike Affidavit Testimony, claiming that paragraphs 4, 7 and 8 of the Affidavit of Kellie Downie are not derived from the administrative record in this case, and should not be considered by this Court. Because the Court has not relied upon the Affidavit of Kellie Downie, Plaintiff's Motion to Strike Affidavit Testimony is **DENIED** as moot.

Having considered the Motions for Summary Judgment, the Responses, the evidence before the Court, and the applicable law, the Court is of the opinion that Defendant's Motion for Summary Judgment should be **GRANTED** and Plaintiff's Motion for Summary Judgment **DENIED**.

## STATEMENT OF FACTS

LINA provides a Long Term Disability ("LTD") plan to Barkley's employer, AEGON USA. Barkley was a customer service representative with AEGON USA and was covered by a LTD plan issued by LINA. Her job required her to sit, answer phones, and work at a computer. Her job also required her to frequently reach for, handle, and use a telephone.

Under the plan, a covered employee must be "disabled" for a period of 180 days before she is eligible to receive LTD benefits. An employee is considered disabled if, solely because of injury or sickness, she is either: (1) unable to perform all the material duties of her regular occupation or a qualified alternative; or (2) unable to earn 80% or more of her earnings. The plan also provides that after disability benefits have been paid for twenty-four months, the employee is considered disabled if, solely due to injury or sickness, she is either: (1) unable to perform all duties of *any* occupation for which she is, or may reasonably become, qualified based on education, training or experience; or (2) unable to earn 80% or more of her earnings. Under AEGON USA's LTD plan, it is the responsibility of the employee to provide documentation supporting her claim.

On June 2, 2004, Barkley left work due to shoulder and arm pain. Approximately 180 days later, on November 29, 2004, LINA provided Barkley with LTD benefits, after finding that she was unable to continue working. Barkley received LTD benefits until January 13, 2005, when LINA sent a letter to Barkley denying further benefits. According to the letter, LINA's

decision was based on a lack of objective or clinical evidence explaining Barkley's pain. LINA noted that Dr. Stephen P. Courtney, Barkley's orthopedic surgeon, had not sent in forms diagnosing Barkley's condition. However, Barkley contended that LINA received forms from Dr. Courtney, on December 16, 2004, stating that Barkley was experiencing pain, which limited her ability to return to work. On June 17, 2005, LINA reinstated LTD benefits to Barkley, representing benefits due for the period of November 29, 2004 through June 30, 2005.

By letter on November 4, 2005, LINA again terminated Barkley's LTD benefits, effective October 20, 2005. The letter stated that LINA terminated Barkley's benefits based on a Functional Capacity Evaluation (FCE). The FCE was conducted by Amy Bedhar, a physical therapist to whom Barkley was referred by Dr. Courtney. Bedhar reported that Barkley could constantly sit, and frequently walk, stand and reach. The FCE also stated that Barkley could occasionally bend, squat, kneel and crawl, and that Barkley could constantly torso lift 10 pounds, leg lift 10 pounds, shoulder lift 12 pounds, overhead lift 5 pounds, and push and pull 20 pounds. The FCE stated that Barkley was qualified to work for four hours a day, doing light to medium work.

On December 12, 2005, Barkley filed an appeal of LINA's denial of benefits. Barkley submitted reports from Dr. Courtney, as well as records from pain management specialist Dr. Deborah Holubec and neurologist Dr. Paul Hurd. Dr. Hulobec reported that Barkley complained of severe pain in her right arm and some mid-back pain. Dr. Hurd noted that Barkley complained of subjective weakness in her right arm and chronic neck and upper extremity pain. Dr. Hurd could not find any definite clinical evidence explaining Barkley's pain. Both Dr. Hurd and Dr. Holubec reported that Barkley had undergone many previous surgeries and injections to reduce her pain. A nurse case manager for LINA concluded that the Courtney, Hurd and Holubec

reports failed to reveal clinical evidence to support the "limitations and restrictions imposed." LINA found these reports insufficient to establish that Barkley was unable to perform her job. Accordingly, on December 21, 2005, LINA upheld its decision to deny benefits to Barkley and sent her a letter confirming that decision. The letter did not specifically mention Barkley's previous surgeries or the previous injections given to limit her pain.

On March 6, 2006, Barkley filed another appeal to LINA, accompanied by additional medical reports. A report from Dr. Courtney stated that Barkley claimed that prolonged sitting and standing caused her discomfort. Evidence was submitted that Barkley went to the Baylor-Plano emergency room complaining of chest pain on March 4, 2006, and that the emergency room doctor gave Barkley a prescription for Vicodin and performed various tests, which showed mild stomach inflammation but no other cause for Barkley's pain. On May 31, 2006, LINA again upheld its decision to deny LTD benefits to Barkley, stating that since there was no diagnosed reason for Barkley's pain, she could not establish that she was unable to perform the tasks her job required. The letter also said that the additional information furnished did not overcome the findings of the FCE.

Barkley submitted her final appeal on August 30, 2006. LINA contacted its sister company, Intracorp, to refer Barkley's file to another orthopedic specialist, and Intracorp forwarded the file to Doctor Robert L. Waltrip, an employee of Tri-Rivers Assessment Services. Dr. Waltrip reported that he spoke with Dr. Courtney on November 17, 2006, and that Dr. Courtney told him Barkley should be capable of sedentary work, as long as she could change positions. Based on that conversation and upon review of Barkley's records, Dr. Waltrip reported that it would be reasonable for Barkley to perform a sedentary job. On November 29, 2006,

LINA rejected Barkley's final appeal, stating that Barkley's medical evidence did not demonstrate her inability to perform work.

On July 24, 2007, Barkley submitted additional reports and evidence to LINA, including an office note from Dr. Courtney, dated December 12, 2006. The note said that Barkley was not able to perform all of the material duties of her occupation nor to earn 80% or more of her prior earnings. Dr. Courtney further stated that he strongly disagreed with Dr. Waltrip's assessment of Barkley and denied that he had ever opined that Barkley could perform sedentary work.

On September 11, 2007, Barkley filed this suit against LINA. Barkley alleges that LINA abused its discretion in denying LTD benefits. Additionally, Barkley seeks the further benefits available under the LTD plan for employees who have received LTD benefits for twenty-four months and can show they are unable to perform work in any occupation.

## SUMMARY JUDGMENT STANDARD

When a LTD plan administrator has "discretionary authority to determine eligibility for benefits and to construe the terms of the plan," the court reviews the administrator's decision for an abuse of discretion. *Corry v. Liberty Life Assurance Co. of Boston*, 499 F.3d 389, 397 (5th Cir. 2007). Under this standard, "if the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail." *See Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2004).

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "An arbitrary decision is one made without a rational connection between the known facts and the decision or between the found facts and the evidence." *Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822, 828 (5th Cir. 1996).

The review of an administrator's decision "need not be particularly complex or technical; it need only assure that the administrator's decision fall somewhere on a continuum of reasonableness—even if on the low end." *Vega v. Nat'l Life Ins. Serv., Inc.,* 188 F.3d 287, 297 (5th Cir. 1999). "Even if the Plaintiff's claim is supported by record evidence, the reviewing court must defer to the administrator's decision if the plan administrator's denial is also supported by substantial evidence." *Dramse v. Delta Family-Care Disability and Survivorship Plan*, No. 07-10287, 2008 U.S. App. LEXIS 5412, at *23 (5th Cir. Mar. 12, 2008) (citing *Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 273 (5th Cir. 2005)).

Where the administrator is self-interested because it both insures and administers the plan, a district court should consider this conflict of interest as a factor in determining whether a plan administrator has abused its discretion in denying a claimant's benefits. *Metro. Life Ins. Co. v. Glenn*, __U.S.__, 128 S. Ct. 2343, 2346 (2008).

## ANALYSIS

Substantial evidence supports LINA's decision to deny benefits to Barkley. The denial was based on a lack of objective or clinical evidence establishing Barkley's pain or inability to work, an FCE, and a non-treating physician's report and conclusion that Barkley has the ability to work. Although Barkley submitted other evidence, the Court concludes that LINA did not abuse its discretion in denying benefits to Barkley, nor was it arbitrary and capricious in doing so.

The United States Supreme Court recently held that a district court should consider the conflict of interest that results from a plan administrator also paying for plan benefits as one of many factors a Court should consider in deciding whether the plan administrator has abused its discretion in denying benefits, with the weight of the factor depending upon the circumstances of

each case. *Glenn*, 128 S. Ct. at 2346. The Supreme Court declined to adopt a sliding scale standard, or any other "one-size-fits-all procedural system" in determining how to weigh the significance of the conflict. *Id.* at 2351. Here, LINA insures and administers benefits under Barkley's plan, and the Court has considered this conflict of interest as one factor in its analysis,[1] but nevertheless concludes that substantial evidence supports LINA's denial of benefits.

The lack of objective and clinical evidence establishing Barkley's pain or inability to work supports LINA's denial of benefits. *See Dramse*, 2008 U.S. App. LEXIS 5412, at *25. In *Dramse*, the Fifth Circuit determined that substantial evidence supported the plan administrator's finding that the plaintiff was not mentally or emotionally disabled, where the plaintiff failed to present evidence of a diagnosed condition inhibiting her ability to work. The Fifth Circuit stated that "the absence of evidence supporting a claim for disability is sometimes, in and of itself, compelling proof that a claimant is not disabled." Here, there has been no medical diagnosis supporting Barkley's claim of disability. That fact supports LINA's decision to deny Barkley's benefits.

Similarly, in *Corry*, three doctors opined that they could not find any objective or clinical reasons for the plaintiff's pain. *Corry*, 499 F.3d at 395-96. However, two other doctors concluded that the plaintiff was disabled and unable to perform sedentary work. The Fifth Circuit reversed the district court's grant of summary judgment for the plaintiff and rendered summary judgment in favor of the administrator, reasoning that although there was evidence that the plaintiff was unable to work, substantial evidence supported the administrator's decision to deny the plaintiff's benefits. The Fifth Circuit emphasized that the law only required the

---

[1] Barkley argues that since LINA's sister company, Intracorp, retained Dr. Waltrip, another conflict of interest exists. However, Dr. Waltrip is not employed by Intracorp or LINA, and the Court concludes that the mere referral to him does not constitute a conflict of interest.

administrator to have substantial evidence that the plaintiff was not disabled, and that the job of weighing conflicting evidence is to be left to the administrator.

Barkley's claim similarly lacks objective clinical evidence of her inability to work. Here, Dr. Hurd and an emergency room doctor found no objective clinical evidence to explain her pain. Like the plaintiff in *Corry*, Barkley experienced pain of unknown origin and never received a diagnosis explaining the cause. Although Barkley, as did Corry, presented evidence that she was disabled, that does not establish an abuse of discretion by LINA. This Court will defer to the administrator's decision if it was supported by substantial evidence. *Id.* at 401; *see also Dramse*, 2008 U.S. App. LEXIS 5412, *23. Here, before denying benefits, the administrator considered substantial evidence, from several sources, that Barkley could perform her job responsibilities.

In *Albert v. LINA*, the plaintiff claimed the administrator abused its discretion in denying her benefits. *Albert v. Life Ins. Co. of N. Am.*, No. 04-20933, 2005 U.S. App. LEXIS 26457, at *651 (5th Cir. Dec. 2, 2005). The administrator based its denial of benefits on two doctors' reports finding no medical explanation for the plaintiff's pain, as well as a FCE concluding that the plaintiff could perform "light work" up to four hours a day. The Fifth Circuit found that the FCE and lack of clinical evidence supporting the plaintiff's claim was substantial evidence of the plaintiff's inability to work, and thus found that the administrator had not abused its discretion in so finding.

Barkley and the plaintiff in *Albert* had performed sedentary jobs requiring sitting, reaching and handling. In both cases, the conclusion from the FCE was that each could do light to medium work for four hours a day. In both cases, physicians found no clinical or objective evidence for the claimants' pain. Moreover, in Barkley's case, Dr. Waltrip found that Barkley

could perform a sedentary job, and although it is a disputed fact,[2] stated that Dr. Courtney admitted as much. Based on this evidence, LINA did not abuse its discretion in denying benefits to Barkley.

The Fifth Circuit has held that the administrator is vested with discretion to choose one medical opinion over another. *Gothard v. Metro Life Ins. Co.*, 491 F.3d 246, 249 (5th Cir. 2007). Thus, a "claim that the administrator was arbitrary and capricious in failing to consider and give proper weight to relevant evidence must be rejected" when such evidence is contrary to other medical opinions in the possession of the administrator. *Corry*, 499 F.3d at 401.

LINA's decision to give less weight to the views of Barkley's treating orthopedic surgeon than to the other evidence before it also does not amount to an abuse of discretion. *See Black & Decker Disability Plan v. Nord*, 538 U.S. 882, 831 (2003) ("plan administrators are not obliged to accord special deference to the opinions of treating physicians"); *Gothard*, 491 F.3d at 249 ("An administrator does not abuse its discretion when it relies on the medical opinion of a consulting physician whose opinion conflicts with the claimant's treating physician . . . even if the consulting physician only reviews medical records and never physically examines the claimant"). Thus, in this case, LINA's choice to give more weight to Dr. Waltrip's report than to Dr. Courtney's report is not an abuse of discretion.

---

[2] Barkley contends that additional evidence she submitted—a final report from Dr. Courtney disputing what he told Dr. Waltrip—seven months after her final administrative appeal, and two months before she filed suit, should be considered. The Fifth Circuit has held that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit and in a manner that gives the administrator a fair opportunity to consider it." *Vega*, 188 F.3d at 299. Barkley contends that her additional evidence should be considered part of the administrative record, since it was filed in a manner that gave LINA a fair opportunity to consider the evidence.

The Court need not reach the issue of whether the additional evidence is part of the administrative record. The Court has considered the additional evidence and still found that LINA's decision to deny benefits was based on substantial evidence, and thus did not reflect an abuse of discretion.

## CONCLUSION

LINA's decision to deny Barkley's benefits is based on substantial evidence and is not arbitrary and capricious, nor an abuse of discretion. Therefore, Barkley is not eligible for further long term "any occupation" benefits. Accordingly, the Court **GRANTS** summary judgment in favor of LINA.

**SO ORDERED** this 24th day of July, 2008.

_____
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**